(No. 50581.—

VITO BALESTRI, Appellee, v. TERMINAL FREIGHT COOPERATIVE ASSOCIATION *et al.* (Highway & City Transportation, Inc., Appellant).

*Opinion filed June 1, 1979.—Rehearing denied*
*September 28, 1979.*

UNDERWOOD and RYAN, JJ., dissenting.

Neil K. Quinn, of Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Joseph B. Lederleitner and Robert Marc Chemers, of counsel), for appellant.

John A. Doyle, Ltd., of Chicago (William J. Harte, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Vito Balestri, appealed from the judgment of the circuit court of Cook County entered in his favor on a jury verdict in the amount of $50,000, and against Highway & City Transportation, Inc. (hereafter defendant). The appellate court reversed and remanded for a new trial on the issue of damages only (57 Ill. App. 3d 669), and we allowed defendant's petition for leave to appeal.

The facts are stated in detail in the opinion of the appellate court and will be reviewed here only to the extent necessary to discuss the issues.

Plaintiff, while employed as a city pickup and delivery driver, was directed to the premises of Terminal Freight Handling Company for the purpose of picking up cartoned refrigerators. Bernard Boos, defendant's employee, was assigned to assist plaintiff in loading the refrigerators onto plaintiff's truck. Plaintiff was injured when a two-by-four fell from one of the cartons and struck him on the elbow. During the occurrence the weight of the refrigerator shifted, resulting in plaintiff's body being severely twisted.

In reversing the judgment and remanding for a new trial on the issue of damages only, the appellate court held that the circuit court had erred in refusing to give the following instruction:

> "If you find that the defendant was negligent and that its negligence was a proximate cause of injury to and disability of the plaintiff, you should then find for the plaintiff and his right to recover damages for such injuries and disability is not barred or to be limited in any way by the fact, if you find it to be a fact, that the plaintiff's injury and disability resulted from an aggravation of a pre-existing condition by the occurrence in question nor by reason of the fact, if you find it to be a fact, that the plaintiff because of a pre-existing physical condition was more susceptible to injury than other persons might have been."

This instruction, which is not contained in Illinois Pattern Jury Instructions, Civil (2d ed. 1971) (IPI Civil), is based upon the opinion in *Pozzie v. Mike Smith, Inc.* (1975), 33 Ill. App. 3d 343. In *Pozzie,* in holding that the refusal of instructions tendered by the plaintiff was error, the appellate court said:

> "Plaintiff tendered four jury instructions regard-
> ing the aggravation of a preexisting condition.
> The only instruction given to the jury was

IPI—Civil 2d 30.03, a general instruction advising the jury to compensate plaintiff for among other things 'the aggravation of any pre-existing condition.' The other three instructions which were refused sought to further clarify the law. Plaintiff's Instruction 14 informed the jury that plaintiff's right to recover damages for his injuries and disabilities is not limited by the fact that plaintiff's injuries and disabilities resulted from the aggravation of a preexisting condition. Instruction 15 advised the jury that damages should not be reduced because the injuries and resulting disability were due in part to a preexisting condition of plaintiff. Instruction 16 stated that it is not a defense to this action that plaintiff, because of a preexisting physical condition, was more susceptible to injury than other persons might have been. These three instructions are not in IPI. However, IPI instructions are not intended to be all inclusive. We believe that Plaintiff's Instructions 14, 15 and 16 are each a correct statement of the law, and that the failure of the trial court to give at least one of them, with or without modification, left the jury without proper judicial guidance. In this case the singular submission of IPI—Civil 2d 30.03 inadequately advised the jury of its duty under the law." 33 Ill. App. 3d 343, 347.

Supreme Court Rule 239 (58 Ill. 2d R. 239) provides that when "Illinois Pattern Jury Instructions (IPI) contains an instruction applicable in a civil case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the IPI instruction shall be used, unless the court determines that it does not accurately state the law." There are situations where the IPI instruction is inadequate

and an additional instruction is appropriate. (*Department of Public Works & Buildings v. Association of Franciscan Fathers* (1977), 69 Ill. 2d 308.) The instruction given by the court contained the language of IPI Civil No. 30.01, and enumerated, *inter alia,*

"1. The nature, extent and duration of the injury." (IPI Civil No. 30.02.)

"2. The aggravation of any pre-existing ailment or condition." (IPI Civil No. 30.03.)

"3. The disability resulting from the injury." (IPI Civil No. 30.04.)

It was the defendants' theory that because of a preexisting back condition plaintiff had suffered several periods of disability prior to the date of the injury in question.

Plaintiff's testimony showed that he had suffered injuries on three prior occasions, that approximately two years before the injury a work-related injury resulted in his being off work for approximately four months; that approximately a year later another work-related injury to his left elbow and back resulted in his being absent from work for approximately six months; and that several months prior to the occurrence in question he had suffered injuries in an automobile accident which resulted in his being off work for two months. The medical testimony would support the conclusion that there may have been aggravation to the L—5 S—1 area of plaintiff's back, and the testimony shows a preexisting condition known as spondylolisthesis.

It is well settled that a tortfeasor is liable for the injuries he causes, even though the injuries consist of the aggravation of a preexisting condition. (*Chicago City Ry. Co. v. Saxby* (1904), 213 Ill. 274.) We are of the opinion that the instruction given did not adequately instruct the jury on this issue. The third element of damages (IPI Civil No. 30.04) makes no reference to the injuries resulting

from the aggravation of a preexisting ailment or condition and can be construed to limit damages to the disability resulting from those injuries included in element (1) (IPI Civil No. 30.02). Furthermore, it failed to instruct the jury that the damages assessed should not be reduced because the disability was due in part to a preexisting condition or for the reason that plaintiff, because of a preexisting condition, was more susceptible to injury than an individual would have been without the preexisting condition. Although it may be contended that the instruction as tendered is argumentative, the basis for its refusal was that it was not in IPI, and plaintiff had no opportunity to offer any modification. We agree with the appellate court that in summarily refusing to give the instruction the circuit court erred.

A new trial on the question of damages only is appropriately granted "where (1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability." (*Robbins v. Professional Construction Co.* (1978), 72 Ill. 2d 215, 224.) The record shows the requisite elements, and the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE UNDERWOOD, dissenting:

In 1954 the Illinois Judicial Conference conducted a study which disclosed that during the preceding 25-year period 38% of the reversals by the reviewing courts of Illinois resulted in whole or in part from errors in instructions. (*Foreword* to Illinois Pattern Jury Instruc-

tions, Civil, at xi (1961).) That shocking fact prompted the unamimous request in 1955 by that body to this court for assistance in solving the problem. This court responded by appointing a committee of distinguished judges, law professors and trial attorneys known as the Supreme Court Committee on Jury Instructions. The dedicated members of that committee worked at least two days per month, except summers, for five years to accomplish their objective: the drafting of conversational, understandable, unslanted and accurate jury instructions for use in civil cases. Their work product was filed with this court in late 1960 and published in 1961 as *Illinois Pattern Jury Instructions—Civil,* more commonly known as IPI Civil. It has received national acclaim. (IPI Civil at vi (1961) & 7 (Supp. 1965).) Our court responded to the publication of IPI by adopting Rule 25–1, the predecessor of Rule 239. Both Rule 25–1(a) and Rule 239(a) require the use of IPI instructions unless the trial judge determines they do not accurately state the law. If no IPI instruction exists on a subject upon which the judge believes the jury should be instructed, "the instruction given on that subject should be simple, brief, impartial, and free from argument." (58 Ill. 2d R. 239(a).) *Herbolsheimer v. Herbolsheimer* (1977), 46 Ill. App. 3d 563, and *Seibert v. Grana* (1968), 102 Ill. App. 2d 283, are typical of the reviewing court decisions implementing the emphasis placed upon the use of IPI instructions.

The trial judge considered adequate, and gave, the following IPI instruction:

> "If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the negligence of the defendant:
>
> 1. The nature, extent and duration of the injury.
> 2. The aggravation of any pre-existing ailment or condition.
> 3. The disability resulting from the injury.

4. The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

5. The reasonable expense of necessary medical care, treatment, and services received.

6. The value of earnings lost and the present cash value of the earnings reasonably certain to be lost in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine." (IPI Civil Nos. 30.01, 30.02, 30.03, 30.04, 30.05, 30.06, 30.07.)

This instruction plainly tells the jury that they are "to fix the amount of money which will reasonably and fairly compensate him [plaintiff] for *** 2. The aggravation of any pre-existing ailment or condition." In view of that mandate, the majority's conclusion that the IPI instruction was inadequate because element (3) of damages "makes no reference to the injuries resulting from the aggravation of a preexisting ailment or condition and can be construed to limit damages to the disability resulting from those injuries included in element (1)" (76 Ill. 2d at 455-56) seems to me quite amazing.

The instruction offered by plaintiff, the refusal of which the majority now holds constituted reversible error, was as follows:

"If you find that the defendant was negligent and that its negligence was a proximate cause of injury to and disability of the plaintiff, you should then find for the plaintiff and his right to recover damages for such injuries and disability is not barred or to be limited in any way by the fact, if you find it to be a fact, that the plaintiff's injury and disability resulted from an aggravation of a pre-existing condition by the occurrence in question nor by reason of the fact, if you find it to be a fact, that the plaintiff because of a pre-existing physical condition was more susceptible to injury than other persons might have been."

That instruction is a composite of the three instructions

held to have been improperly refused in *Pozzie v. Mike Smith, Inc.* (1975), 33 Ill. App. 3d 343. *Pozzie* is the sole authority cited by the majority for its holding here, and that case held only that one of the three refused instructions should have been given. Too, it is far from clear that the *Pozzie* court would have remanded on that ground alone. The opinion in that case holds a new trial is required because of an improper reference by defense counsel to an earlier workmen's compensation recovery for a different injury, and the instructions were discussed in order to guide the trial judge on the retrial.

As I read the majority opinion here, it concedes the argumentative nature of plaintiff's refused instruction, and the propriety of the court's refusal to give it. It then, however, awards plaintiff a new trial because, apparently, the trial judge did not afford plaintiff an opportunity to "modify" the concededly improper instruction, despite the absence of any indication that plaintiff ever requested such opportunity.

Those of us who served as trial judges in pre-IPI days recall what a difficult task it was to sort out, from the mass of repetitive, slanted, verbose instructions frequently tendered by opposing counsel, those which might be thought to instruct the jury with some semblance of accuracy and fairness, or, *sua sponte,* to prepare others which would do so. That task was greatly simplified with the advent of IPI. The instruction tendered by plaintiff in this case, however, is reminiscent of the pre-IPI days when a prevalent vice consisted of the practice of some attorneys who would mold to their current desires, and incorporate in the form of jury instructions, statements taken out of context from opinions of this court or the appellate court. Those instructions would then be tendered to the trial judge who, with little or no time for research or reflection, decided whether to give or refuse them. As earlier noted, that procedure produced a substantial amount of·error,

which it was the intent of IPI and our Rule 239 to eliminate—an intent which, it seems to me, the majority opinion now frustrates.

Reference to the policies pursued by the committee during its labors is apposite here, for the trial judge, in refusing plaintiff's composite instruction, indicated its content was more appropriately emphasized by plaintiff's counsel in his argument to the jury. In the foreword to IPI Civil, second edition, the committee describes the criteria underlying those policies:

"First, the Committee has been opposed to negative instructions, that is, instructions which tell the jury to not do something.

Second, the Committee has not recommended instructions which single out a particular item of evidence for comment, even where there is judicial authority for the instruction.

Third, the Committee has been reluctant to recommend instructions that would be appropriate only in an exceptional case and are likely to be sources of error.

Fourth, and perhaps most important, the Committee has opposed over particularizing. It has preferred to rely upon one instruction which is general in nature and has avoided creating a number of instructions on a subject which is adequately covered by the single general instruction.

Underlying all these considerations has been a major policy. We have viewed the problem of communicating law to the jury as one best handled by a partnership between court and trial counsel rather than by the court alone. The Court will in understandable language fairly state the law, permitting counsel on each side to supply adversary emphasis, rather than try to neutralize partisan instructions, sounding first like plaintiff's counsel and then in the next sentence like defense counsel. In brief, on many occasions when the Committee has rejected an instruction, it has felt not so much that the point ought not be told to the jury, but rather that it should be told to the jury by counsel rather than by the Court." *Foreword* to IPI Civil at vi-vii (2d ed. 1971).

The court's opinion does not even indicate the verdict to be inadequate, which, if it were, might be cause for concern as to the adequacy of the instructions. I agree that the verdict is not inadequate, although I would also agree that a somewhat higher verdict would not have been excessive in view of the conflicting testimony. But the matter of resolving contradictory testimony as to damages is a function for which we traditionally say juries are peculiarly well suited. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494; *Lindroth v. Walgreen Co.* (1950), 407 Ill. 121; *Barbour v. Chicago Transit Authority* (1976), 41 Ill. App. 3d 888, 894; *Reed v. Knol* (1972), 7 Ill. App. 3d 163, 166.) The jury here had before it a plaintiff with a congenitally weak back who had been involved in a number of industrial and nonindustrial accidents during preceding years, none of which were revealed by him to Dr. Scuderi or Dr. Sahgal; he complained of pain for which his own medical experts could find no objective support, nor did they find any objective cause for his limping as he did; and in Dr. Sahgal's opinion plaintiff was "employable" and had "an excellent vocational potential." The jurors had been instructed to "reasonably and fairly compensate" plaintiff for the "aggravation of any pre-existing ailment or condition," and whether and to what extent that aggravation had occurred was for them to decide.

In my opinion the trial judge properly held the given IPI instruction was adequate. In any event, the additional instruction tendered by plaintiff was neither simple, impartial nor free from argument as Rule 239 requires, and it was properly refused. It is, in my judgment, neither necessary nor fair to reverse this trial judge for failing to modify and then give a refused instruction he was never requested to change. The court's action in doing so seems to me a nullification of the significant benefits from IPI, and a substantial step backward to the undesirable

practices of pre-IPI days.

I would reverse the judgment of the appellate court and affirm the judgment of the trial court.

MR. JUSTICE RYAN, also dissenting:

I join in Mr. Justice Underwood's dissent. However, having shared his frustrating experiences as a trial judge in pre-IPI days, I am compelled to separately voice my opposition to the majority's rending of the very principle of pattern jury instructions.

The pattern instructions given in this case informed the jury in very simple, straight-forward, nonargumentative language that the plaintiff was entitled to recover as an element of damages the "aggravation of any pre-existing ailment or condition." If, as the majority holds, the plaintiff is entitled to add to the instruction given another instruction which expands on this element of damages by stating that recovery "is not barred or to be limited in any way by the fact *** that the plaintiff's injury and disability resulted from an aggravation of a pre-existing condition" then arguably a plaintiff would likewise be entitled to similarly expand on and more precisely tailor to his benefit instructions as to every element of damages. If this is permissible for the plaintiff, then I assume the defendant would likewise be entitled to an instruction that recovery is barred or limited if the jury finds that the injury did not result from an aggravation of a preexisting condition and to other instructions as to other elements of damages which would be more restrictive than the IPI instruction and which would naturally be tailored to benefit the defendant. The majority opinion, I fear, is regressive and retreats toward pre-IPI days.

The majority conjectures that the plaintiff had no opportunity to offer a modification of the defective instruction. There is no indication that the plaintiff requested a modfication of the tendered instruction. The

burden of preparing and tendering jury instructions is primarily on the parties and not on the trial court. (*People v. Grant* (1978), 71 Ill. 2d 551, 557; 58 Ill. 2d R. 239; Ill. Rev. Stat. 1977, ch. 110, par. 67.) With certain exceptions, the trial court is under no obligation to give jury instructions not requested by counsel. (*People v. Damen* (1963), 28 Ill. 2d 464, 469; *People v. Springs* (1972), 51 Ill. 2d 418, 425.) In *Sweeney v. Max A. R. Matthews & Co.* (1970), 46 Ill. 2d 64, 69, this court stated: "The defendant was ·certainly entitled to have the jury properly instructed on this issue [citation], but just as clearly the trial court's refusal to give incorrect instructions was not error." In *Sweeney* in the appellate court (94 Ill. App. 2d 6) the opinion noted that the plaintiff's objection was not to the form of the instruction but to the giving of any instruction on the subject. The court stated that it was the defendant's obligation to tender a proper instruction on the applicable law and since he did not he could not complain that his instruction was refused. (94 Ill. App. 2d 6, 30.) In *Kinka v. Harley-Davidson Motor Co.* (1976), 36 Ill. App. 3d 752, the court stated that if the plaintiff failed to meet her obligation to tender a proper instruction on the applicable law she could not complain that her instruction was refused. To the same effect see *Herbolsheimer v. Herbolsheimer* (1977), 46 Ill. App. 3d 563.

Even if the plaintiff were entitled to an instruction on aggravation of a preexisting condition, in addition to the IPI instruction given, the instruction tendered clearly could not be given in the form tendered. If it would have been given and a verdict would have been returned in favor of the plaintiff, the defective instruction would have constituted serious grounds for reversal and the granting of a new trial to the defendant. I therefore do not think that we should order a reversal in this case based upon the trial court's refusal to give a clearly erroneous plaintiff's instruction.