ONIDA LAY *et al.*, Plaintiffs-Appellees, *v.* MARGARET KNAPP, Defendant-Appellant.

Third District    No. 80-380

Opinion filed March 6, 1981.

Robert R. Gorbold, of Thomas, Wallace, Feeham & Baron, Ltd., of Joliet, for appellant.

Frank J. Black, of Black & Black, of Morris, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Onida Lay, received a judgment of $23,147.18 as compensation for injuries she suffered in a traffic accident that occurred on July 31, 1977. The judgment was awarded by a Grundy County jury on a case of contested damages only, liability being admitted. The defendant, Margaret Knapp, driver of the vehicle that struck the vehicle in which the plaintiff was a passenger, appeals the verdict rendered by the jury. The defendant's sole allegation of error concerns plaintiff's jury instruction No. 13.

Evidence concerning the injuries to Mrs. Lay was presented at the trial in the circuit court. The jury heard testimony that after the collision of July 31, 1977, the plaintiff suffered pains, stiffness and loss of mobility. There was testimony in the record that these symptoms variously affected the plaintiff's head, neck, back and hip. Further, there was testimony that the plaintiff suffered from a condition of degenerative arthritis prior to July 31, 1977, and that plaintiff's symptoms could in part be linked to this prior condition. Finally, there was testimony before the jury that plaintiff's prior condition would have been aggravated by the trauma of an automobile collision.

With this evidence before them, and obviously with more detail than is recounted here, the jury was charged. The court read the standard Illinois Pattern Instruction (IPI) as to measure of damages:

"You must fix the amount of money which will reasonably and fairly compensate the Plaintiff for any of the following elements of damage proved by the evidence to have resulted from the negligence of the Defendant:
- The nature, extent and duration of the injury.
- *The aggravation of any pre-existing ailment or condition.*
- The disability resulting from the injury.
- The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.
- The reasonable expense of necessary medical care, chiropractic care, and services received and the present cash value of the reasonable expenses of medical care, chiropratic care, and services reasonably certain to be received in the future.

Whether any of the elements of damage has been proved by the evidence is for you to determine." (Emphasis added.) (IPI Civil No. 30.01 (modified); IPI Civil No. 30.02; IPI Civil No. 30.03 (italicized); IPI Civil No. 30.04; IPI Civil No. 30.05; IPI Civil No. 30.06 (modified).)

Also, over objections, the court read plaintiff's instruction No. 13:

> "Plaintiff's right to recover damages for her injuries and disability is not barred or to be limited in any way by the fact, if you find it to be a fact, that the Plaintiff's injuries and disability resulted from an aggravation of a pre-existing condition by the occurrence in question nor by reason of the fact, if you find it to be a fact, that the Plaintiff because of a pre-existing physical condition was more susceptible to injury than other persons might have been."

It is defendant's contention that instruction No. 13 was argumentative and placed undue emphasis on one element of damages. Defendant believes this error in the jury's charge tainted the verdict and constituted reversible error.

The very instruction tendered by the plaintiff and objected to by the defendant has previously been a subject of consideration by the Illinois courts. (*Balestri v. Terminal Freight Co-op Association* (1979), 76 Ill. 2d 451, 394 N.E.2d 391, affirming the appellate court; *Balestri v. Highway & City Transportation, Inc.* (1978), 57 Ill. App. 3d 669, 373 N.E.2d 687; *Pozzie v. Mike Smith, Inc.* (1975), 33 Ill. App. 3d 343, 337 N.E.2d 450.) Not surprisingly, the litigants in the case at bar interpret those prior decisions to reach differing results.

■■ As our supreme court has recently considered this very instruction (*Balestri v. Terminal Freight Co-op Association*), we deem their reasoning to be the guiding authority for our decision. On defendant's urging we have read and considered two well-reasoned and lucidly written dissents in the *Terminal Freight* case, but not without being mindful of our responsibility to adhere to the holding of the majority. Ill. Const. 1970, art. VI, §3.

In the *Terminal Freight* case, the trial court had refused the subject jury instruction because it was non-IPI. Like the instant case, the trial judge in *Terminal Freight* did offer the IPI approved instruction on pre-existing injuries. (IPI Civil No. 30.03 (2d ed. 1971).) Unlike the trial court in the case at bar, the lower court in *Terminal Freight* interpreted Supreme Court Rule 239(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 239(a)) as prohibiting the use of the non-IPI instruction.

■■ Supreme Court Rule 239(a) requires the use of IPI instructions unless those pattern charges do "not accurately state the law" or omit "an instruction on a subject which the court determines should be instructed." It is apparent that the subject of pre-existing injuries is addressed by an approved instruction. (IPI Civil No. 30.03 (2d ed. 1971).) We believe that the lesson to be learned from the decision in *Terminal Freight* is that the approved instruction does not automatically preclude the use of a non-IPI instruction on the same subject. In limited circumstances, amplification or

clarification of IPI instructions may be permitted in the discretion of the trial court. "There are situations where the IPI instruction is inadequate and an additional instruction is appropriate." *Balestri v. Terminal Freight Co-op Association* (1979), 76 Ill. 2d 451, 394 N.E.2d 391, 393; accord, *Department of Public Works & Buildings v. Association of Franciscan Fathers* (1977), 69 Ill. 2d 308, 371 N.E.2d 616; *Pozzie v. Mike Smith, Inc.*

Given that IPI instructions are sometimes inadequate, was IPI Civil No. 30.03 (2d ed. 1971) legally insufficient under the facts of the instant case? We believe that based on the authority of the *Terminal Freight* decision, the approved instruction on pre-existing conditions did not adequately instruct the jury and was properly subject to amplification. The rationale set forth by Chief Justice Goldenhersh in *Terminal Freight* for finding IPI Civil No. 30.03 (2d ed. 1971) inadequate is equally applicable to the facts before us. The Chief Justice, speaking for a majority of the court, went on to find the trial court in error for summarily rejecting the non-IPI instruction. The Chief Justice did not expressly approve the form of the amplification instruction then before the court, but clearly held that in some form amplification of IPI Civil No. 30.03 (2d ed. 1971) was proper.

■■ Our review must determine whether the form of the instruction before the court in *Terminal Freight* and before us today was unduly argumentative or placed undue emphasis on one element of damages. Our analysis begins at the point where Chief Justice Goldenhersh stopped. Having determined that amplification of the IPI instruction was warranted, we ask whether Mrs. Lay's instruction No. 13 unduly amplified or emphasized one element of damages. We think not. Indeed, we do not believe that the deficiencies in IPI Civil No. 30.03 (2d ed. 1971) as set forth in *Terminal Freight* could be remedied with more brevity. The type of undue emphasis which has previously found objection in courts of review was classically illustrated in *Montefusco v. Cecon Construction Co.* (1979), 74 Ill. App. 3d 319, 392 N.E.2d 1103. In that case, the trial court gave multiple instructions that shared a near word-for-word identity. Such repetition is not found in plaintiff's No. 13, which discusses the effect of pre-existing conditions on different elements of damages (*viz*: disability), and sets forth the rule of enhanced susceptibility. Neither of these jury issues was addressed by the approved instruction given by the circuit court.

■■ Illinois courts follow a rule which requires jury instructions to be "simple, brief, impartial, and free from argument" (Ill. Rev. Stat. 1979, ch. 110A, par. 239(a)). Argumentative instructions depart from the approved, fair and impartial statement of the law in understandable language. Rather, argumentative instructions are adversarial statements highlighting

favorable and unfavorable evidence with partisan overtones. We find no adversarial overtones in plaintiff's No. 13, nor is there an attempt to highlight facts in evidence which support plaintiff's position.

We believe the citations set forth in defendant's brief are distinguishable. An instruction determined to be argumentative in *Illinois State Trust Co. v. Walker Mfg. Co.* (1979), 73 Ill. App. 3d 585, 392 N.E.2d 70, is a marked departure from the requirements of Supreme Court Rule 239(a). The first sentence of that charge is a partisan, legally superfluous statement. In *Department of Public Works & Buildings v. Tinsley* (1970), 120 Ill. App. 2d 95, 256 N.E.2d 124, and *Heep v. Mason* (1968), 100 Ill. App. 2d 142, 241 N.E.2d 196, the court's charge to the jury highlights evidence in such a way as to have an unavoidable partisan impact on the fact-finders. This contrasts with the neutral statement set forth in plaintiff's instruction No. 13.

■■ We endorse the philosophy underlying the efforts of the Supreme Court's Committee on Jury Instructions. Pattern instructions should be used exclusively where such models correctly and adequately charge the jury. (Ill. Rev. Stat. 1979, ch. 110A, par. 239(a).) Any departure from the use of pattern instructions should be carefully scrutinized; but, where it has been determined that an IPI instruction is insufficient, no error occurs in charging the jury with a supplementary instruction which is simple, brief, impartial and free from argument. Such are the circumstances of the case at bar.

We hold that the circuit court committed no error in reading plaintiff's instruction No. 13. Accordingly, the judgment below is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.