MARY KLOSTER, Plaintiff-Appellant, *v.* JAN MARKIEWICZ,
Defendant-Appellee.

First District (4th Division)     No. 80-382

Opinion filed March 19, 1981.

Alan M. Freedman and Bruce H. Bornstein, both of Chicago, for appellant.

Gaines & Boyer, of Chicago (Alan I. Boyer and William S. Piper, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Mary Kloster, brought this action against her landlord, the defendant, Jan Markiewicz. Her complaint alleged that on November 12, 1974, Kloster was injured when the heel of her shoe was caught in the bottom step of the stairway leading from her apartment. She sought to recover for permanent injuries to her back, neck, head, left ankle, left and right legs, and for multiple bruises, contusions and lacerations. The jury returned a verdict for the defendant and judgment was entered on the verdict. Kloster's post-judgment motion for a new trial was denied. On appeal, Kloster contends that it was reversible error for the trial court to allow defense counsel to cross-examine her physician concerning prior injuries and that the cumulative effect of trial errors was to deny her a fair trial.

During cross-examination at trial, Kloster testified that during 1972 she sustained injuries to her head, shoulder and neck as a result of falling out of her rocking chair. In response to further questioning concerning the 1972 injuries she stated that her doctor would remember better than she. Plaintiff's counsel made no objection during this testimony.

On cross-examination Kloster's physician testified that in 1971 Kloster received treatment for an injury to the cervical spine or neck area. The doctor was then asked about treatment given to Kloster during 1972. Kloster's counsel objected to the doctor's request to refer to his records. During a side bar on this objection the court brought up the issue of the admissibility of testimony concerning prior injuries. The court stated that since Kloster had testified to the prior injury without objection he would allow the doctor to be questioned about the incident on the condition that the doctor be asked whether the 1972 injuries were related to the 1974 injuries.

The doctor then testified that his records indicated that he treated Kloster in 1972 for injuries to the cervical spine and for a concussion to the back of the brain which resulted from a fall from a rocking chair. Kloster complained of headaches and backaches. She was given a soft cervical collar. This was the same type of collar which Kloster wore as treatment for the instant injuries.

In response to questions by defense counsel the doctor testified that the 1972 injuries resulted in pain to the rear of the head area and cervical spine area. He testified Kloster did not complain of pain in these areas as a result of the accident sued upon. The present accident resulted in pain in the lumbar rather than the cervical spine area.

■■ Kloster does not argue here and did not argue below that her testimony concerning the 1972 injury should have been stricken. She does argue on appeal that the trial court erred in failing to strike the doctor's testimony concerning the 1972 injuries. She made no motion to strike the doctor's testimony below. Her argument is that the 1972 injuries were unrelated to the present injuries and that since Markiewicz failed to connect the injuries the doctor's testimony should have been stricken even absent a motion on her part. However, the rule is clear that when offering counsel fails to supply the connection needed to make evidence admissible, the burden is on objecting counsel to renew his objection by requesting that all the evidence dependent upon the connecting proof be stricken, or the point is waived. (*Balestri v. Highway & City Transportation, Inc.* (1978), 57 Ill. App. 3d 669, 373 N.E.2d 689, *aff'd* (1979), 76 Ill. 2d 451, 394 N.E.2d 391; *Craft v. Acord* (1974), 20 Ill. App. 3d 231, 313 N.E.2d 515; 6 Wigmore on Evidence § 1871 (3d ed. 1940).) Since Kloster never moved to strike the doctor's testimony complained of on appeal, she has waived any error in its admission.

■■ Kloster argues that she did not waive the issue although no motion to strike was made because she mistakenly believed such a motion was made. At the close of the evidence the court conducted an *in camera* conference concerning the admissibility of certain exhibits. In discussing their admissibility plaintiff's counsel stated that if he were not mistaken the court had previously ruled that any testimony pertaining to the plaintiff's 1972 hospitalization was not relevant and the jury had been instructed to disregard any such testimony. Kloster contends that any obligation to move that the doctor's testimony be stricken "had been fulfilled" because neither the court nor defense counsel refuted her counsel's statement. We do not believe that the requirement that objecting counsel move to strike unconnected testimony was in any way obviated by the fact that counsel evinced the mistaken belief that such a motion had already been made and ruled upon in his favor.

■■ Kloster next enumerates certain alleged trial errors and argues that the cumulative effect of these was to deny her a fair trial. This matter was not raised in Kloster's post-trial motion and is thus waived. Ill. Rev. Stat. 1979, ch. 110, par. 68.1; *Hubbard v. Logsdon* (1978), 56 Ill. App. 3d 366, 372 N.E.2d 101.

Accordingly the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P. J., and LINN, J., concur.