CLAUDE D. BAILEY, JR., Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 82—141

Opinion filed July 26, 1983.

Samuel L. Evins, of Richman and Evins, Ltd., of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Law Offices of John B. Grogan, Ltd., of Chicago (Susan Gunty, of counsel), for appellees.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Claude D. Bailey, Jr., brought an action against defendants, Edward O'Reilly, a Chicago police officer, and the city of Chicago, to recover damages for personal injuries he sustained when he was allegedly struck in his left eye by Officer O'Reilly. In a jury trial, a verdict was returned for defendants. Judgment was entered on the verdict and plaintiff's post-trial motion was denied.

On appeal, plaintiff contends that the trial court committed re-

versible error in permitting defense counsel to cross-examine plaintiff by innuendo on inflammatory and irrelevant matters; that the jury was not properly instructed; that defense counsel improperly commented on plaintiff's failure to call two witnesses; and that the verdict was against the manifest weight of the evidence. For the reasons which follow, we reverse the judgment and remand the cause for a new trial.

This action arose out of an incident between plaintiff and defendant O'Reilly which took place on May 18, 1973. As a result of that incident, plaintiff's left eye was surgically removed. Plaintiff testified that he was admitted to the psychiatric unit of St. Joseph's Hospital on four occasions between 1977 and 1980 because he was "depressed" about losing his eye. The principal issues in this case were how plaintiff was injured and whether his subsequent psychological problems resulted from and were attributable to the loss of his eye. Plaintiff's initial contention concerns the latter issue.

■ Plaintiff argues that the trial court committed reversible error in permitting defense counsel to cross-examine plaintiff by innuendo on inflammatory and irrelevant matters. Our careful review of the record compels us to agree.

On cross-examination, defense counsel questioned plaintiff extensively about his alleged use of cocaine, "uppers" and "downers," LSD, THC and marijuana. While plaintiff did not explicitly deny that he had ever used these substances, he did expressly deny that he had used them "for years." Plaintiff also denied that he had told any of the doctors who treated him that he had used any of these drugs "for years." Defendants failed to prove that plaintiff in fact had used drugs "for years" or had told anyone that he had used drugs "for years." In our judgment, this was error.

Assuming that plaintiff's alleged chronic abuse of drugs was material to some issue in this case, it was incumbent upon defendants, in light of plaintiff's answers on cross-examination, to introduce extrinsic evidence that plaintiff had used or had admitted using drugs "for years." (See *People v. Purrazzo* (1981), 95 Ill. App. 3d 886, 896-97, 420 N.E.2d 461, and the cases cited therein.) The practice of laying a foundation for impeachment and then failing to follow up by proof has been strongly criticized. (*Geisberger v. Quincy* (1972), 3 Ill. App. 3d 437, 441-42, 278 N.E.2d 404.) The reasons for this criticism were fully stated in *Gordon v. Checker Taxi Co.* (1948), 334 Ill. App. 313, 79 N.E.2d 632:

> "The questions propounded on cross-examination of plaintiff *** were proper if asked in good faith for the purpose of im-

peachment in the event of denial, and had objection been made the court would be obliged to overrule the objection. Proof of the facts involved in such questions would obviously affect plaintiff's present claim for injuries, pain and suffering. Innuendoes involved in such questions are sometimes more damaging than an effort to prove the impeaching facts. When no witness is offered to impeach plaintiff and, therefore, no opportunity for cross-examination presented, the prejudicial effect springing from such questions cannot always be overcome, and results in an unfair trial to a plaintiff. If, under the guise and pretense of laying a foundation for impeachment, a plaintiff could be asked questions that would affect her credibility, such as a supposed former conviction for a felony [citations], where production of the record of conviction is not required, and no proof made or offered, when there is a denial of the fact; or suppose questions were asked concerning alleged conversation with others, which involves very damaging supposed admissions against interest, and though denied by the witness, no proof is offered to impeach, such type of cross-examination, if approved, could succeed in defeating many a meritorious cause." 334 Ill. App. 313, 318-19.

Another instance of cross-examination that was not supported by competent evidence concerned plaintiff's relationship with a 12-year-old girl. Defense counsel repeatedly asked plaintiff whether he had "harassed," "grabbed" or "chased" this "little girl" just before his second hospitalization in April of 1979. Plaintiff denied these accusations. Defense counsel also inquired whether plaintiff had told two police officers what he "did to that little girl." Counsel interrupted plaintiff and did not permit him to complete his answer. Plaintiff admitted that an officer took him into custody on April 17, 1979, because of an incident involving the young girl.

Despite his assurances to the court and plaintiff's counsel "to tie it all up," defense counsel failed to produce the police officers to testify about the alleged incident between plaintiff and "the little girl." Nor did he offer any expert testimony attributing plaintiff's psychological problems or his second hospitalization to the "incident" with "the little girl."

Defendants, however, assert that the incident was established by a defense witness' reference to a notation in one of plaintiff's hospital records that plaintiff "was accused by a neighborhood lady of accosting her fourteen-year-old daughter." Plaintiff's hospital records were not introduced into evidence and the physician to whom plaintiff alleg-

edly made the statement did not testify. Citing *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, defendants argue that the witness could rely on the notation in the records as substantive evidence that the incident occurred. In our judgment, defendants have misread *Wilson.*

In *Wilson,* the supreme court adopted Federal Rule of Evidence 703, which permits an expert to give his opinion on the basis of facts which have not been admitted into evidence, if such facts are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject (whether or not the witness may be categorized as a treating or a nontreating expert); and Federal Rule of Evidence 705, which permits an expert to give his opinion without initially disclosing the facts underlying it (unless the court requires otherwise) and which provides that he may be required on cross-examination to disclose the underlying facts. 84 Ill. 2d 186, 192-96.

As the appellate court has noted, *Wilson* "deals with testimony of experts based upon medical records not with the admission of the records themselves." (*Thompson v. Lietz* (1981), 95 Ill. App. 3d 384, 391, 420 N.E.2d 232.) "The medical reports compiled by other, nontestifying individuals which the defendant's expert witness relied upon remain inadmissible hearsay evidence on direct examination." (*People v. Clemons* (1979), 72 Ill. App. 3d 860, 865, 391 N.E.2d 128.) As one commentator has observed, "[t]here is a clear distinction between data that is trustworthy enough to qualify as an exception to the hearsay rule, and data that is inadmissible but usable by experts in arriving at an opinion because it is relied upon by experts in the field." Spector, *People v. Ward: Toward a Reconstruction of Expert Testimony in Illinois,* 26 De Paul L. Rev. 284, 291 (1977).

Defendants, however, claim that they were prevented from having the police officers testify about plaintiff's incident with the little girl. In his offer of proof, defense counsel informed the trial court that one of the officers would testify that he arrested plaintiff; that plaintiff told him the young girl was his girlfriend; that plaintiff was taken to the police station and charged with battery; and that plaintiff did not appear to exhibit any fear of the officers. The evidence referred to in the offer of proof, which offer was denied, would not have established that plaintiff had in fact "harassed," "grabbed," or "chased" the girl, or that plaintiff had told the officers what he "did to that little girl," as defense counsel suggested in his cross-examination of plaintiff. We note further that defense counsel informed the court that he did not "care to go into" the incident.

■ Finally, defense counsel cross-examined plaintiff about an incident in which plaintiff allegedly beat his father prior to plaintiff's third hospitalization:

"Q: Is that the time you beat up on your father?

A: No, I didn't beat up on my father.

Q: Well, you hit him; didn't you? You injured his eye; didn't you?

A: No, I didn't injure his eye. It was an accident."

The only evidence that plaintiff had struck his father was contained in hospital records which were not introduced into evidence. The physician to whom plaintiff allegedly made this admission did not testify. Thus, contrary to defendants' argument, it was improper to consider the reference in the hospital record to this incident as substantive evidence that the beating occurred. *Thompson v. Lietz* (1981), 95 Ill. App. 3d 384, 391, 420 N.E.2d 232; *Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 1097, 410 N.E.2d 266; *People v. Giovanetti* (1979), 70 Ill. App. 3d 275, 287-88, 387 N.E.2d 1071; *LeMaster v. Chicago Rock Island & Pacific R.R. Co.* (1976), 35 Ill. App. 3d 1001, 1017, 343 N.E.2d 65; *Stewart v. DuPlessis* (1963), 42 Ill. App. 2d 192, 200, 191 N.E.2d 622.

■ Defendants' cross-examination of plaintiff portrayed him to the jury as a chronic drug abuser, a child molester and a parent beater. Despite plaintiff's explicit denials, no competent evidence was presented to prove any of these accusations. In our judgment, these unsupported insinuations were extremely prejudicial to plaintiff's general credibility and deprived him of a fair trial. We therefore conclude that plaintiff is entitled to a new trial. In light of this disposition, we need not reach plaintiff's remaining contentions.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.


DOWNING, P.J., and HARTMAN, J., concur.