CASTRO GUERRERO, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (3rd Division)  No. 82—2214

Opinion filed August 17, 1983.

James D. Montgomery, Corporation Counsel, of Chicago (Jerome A. Siegan and Cheryl L. Smalling, Assistant Corporation Counsel, of counsel), for appellant.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker, Howard A. London, and David N. Baum, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Castro Guerrero, brought suit for damages against the defendant, city of Chicago, for injuries allegedly suffered from a fall on a city sidewalk. A jury awarded plaintiff $50,000 and found that he was 6% negligent. Judgment was entered against the city for $47,000. Defendant appeals, contending that (1) the circuit court incorrectly barred defendant from cross-examining the treating physician as to his opinion based upon the contents of a hospital medical record, and (2) a remittitur should be granted because the damages awarded were excessive and not supported by the record. We affirm.

Plaintiff testified that between 2:30 and 3 a.m. on December 14, 1975, he fell through a hole in a city sidewalk on the ten-hundred block of West Madison Street in Chicago. The hole was about two feet wide and waist deep. After he fell, he felt a sharp pain above his right ankle. As he climbed out of the hole, he discovered a deep cut in his

leg and blood all over his pants, sock and shoe. There was glass in the hole. Plaintiff was helped to a cab and went to Cook County Hospital, where he was operated on by Dr. Philip Fitzsimons.

Dr. Fitzsimons testified that plaintiff had a three-inch laceration of the lower right leg, three severed tendons which he reconnected by suture, and a severed peroneal nerve which could not be repaired. Plaintiff's leg was placed in a cast for five-six weeks.

Plaintiff used crutches or a cane for approximately 11 months. He testified that since the accident the top of his right foot has been numb and that his leg was very swollen and painful for a long time after the accident and that his leg still swells up and hurts if he stays on it too long; further, that his ability to raise his right foot is limited. Dr. Fitzsimons, in response to a hypothetical question, stated that plaintiff's disability resulted from the accident and was permanent.

Dr. Fitzsimons was shown the hospital's medical history, which he had not prepared. It was not in his handwriting. It had been prepared by the senior resident who was on call at the time plaintiff came to the hospital. The next morning, because Dr. Fitzsimons' surgical team was operating then, the senior resident told Dr. Fitzsimons that "I have a gentleman that needs surgery. He has several tendons lacerated." Dr. Fitzsimons examined plaintiff prior to surgery. He was not necessarily familiar with having read through the report. He may have, but he had no recollection of it. The report had on it, in Dr. Fitzsimons' handwriting, his summary which stated, "Case reviewed." This meant he had reviewed the case with, he assumed, a Dr. Blair, who was also a fellow resident at Cook County. Dr. Fitzsimmons discussed the case with him and explained his (Dr. Fitzsimons') findings and plans for the operating room.

Defendant sought to cross-examine Dr. Fitzsimons concerning this record, which apparently contained a statement that plaintiff had fallen on glass while running in an alley. The record was not introduced in evidence. The trial court, relying on *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, *cert. denied* (1981), 454 U.S. 836, 70 L. Ed. 2d 117, 102 S. Ct. 140, refused to allow the cross-examination. Defendant contends that under *Wilson* the medical report (and all it contains) is a part of the hospital's records which have a "high degree of reliability" and, therefore, it should have been allowed to cross-examine Dr. Fitzsimons concerning that statement. We disagree. A reading of *Wilson* shows that the change in law there brought about by the supreme court was confined to the medical aspects of hospital records.

In *Bailey v. City of Chicago* (1983), 116 Ill. App. 3d 862, defend-

ants sought to attribute the plaintiff's psychological problems or his second hospitalization to an incident with a little girl. The court stated:

> "Defendants, however, assert that the incident was established by a defense witness' reference to a notation in one of plaintiff's hospital records that plaintiff 'was accused by a neighborhood lady of accosting her fourteen-year-old daughter.' Plaintiff's hospital records were not introduced into evidence and the physician to whom plaintiff allegedly made the statement did not testify. Citing *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, defendants argue that the witness could rely on the notation in the records as substantive evidence that the incident occurred. In our judgment, defendants have misread *Wilson*.
>
> In *Wilson*, the supreme court adopted Federal Rule of Evidence 703, which permits an expert to give his opinion on the basis of facts which have not been admitted into evidence, if such facts are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject (whether or not the witness may be categorized as a treating or a nontreating expert); and Federal Rule of Evidence 705, which permits an expert to give his opinion without initially disclosing the facts underlying it (unless the court requires otherwise) and which provides that he may be required on cross-examination to disclose the underlying facts. 84 Ill. 2d 186, 192-96.
>
> As the appellate court has noted, *Wilson* 'deals with testimony of experts based upon medical records, not with the admission of the records themselves.' (*Thompson v. Lietz* (1981), 95 Ill. App. 3d 384, 391, 420 N.E.2d 232.) ***." (116 Ill. App. 3d 862, 865-66.)

Further, in *Bailey* plaintiff was cross-examined as to whether he had beaten his father prior to his third hospitalization. The court stated:

> "The only evidence that plaintiff had struck his father was contained in hospital records which were not introduced into evidence. The physician to whom plaintiff allegedly made this admission did testify. Thus, contrary to defendants' argument, it was improper to consider the reference in the hospital record to this incident as substantive evidence that the beating occurred. [Citations.]" 116 Ill. App. 3d 862, 867.

■ The court properly refused to allow Dr. Fitzsimons to be cross-examined concerning the statement in the hospital record as to

how the accident happened. The fact that the doctor who wrote that part of the report was claimed to be unavailable because he was out of the State did not legitimatize, under *Wilson*, defendant's attempted cross-examination. See *Minor v. City of Chicago* (1981), 101 Ill. App. 3d 823, 428 N.E.2d 1090, *appeal denied* (1982), 91 Ill. 2d 553, as to when a medical history record was improperly excluded.

■ Defendant also contends that the damages awarded were excessive and that this court should enter a remittitur. We disagree.

The amount of a verdict is largely within the discretion of the jury. (*Lau v. West Towns Bus Co.* (1959), 16 Ill. 2d 442, 158 N.E.2d 63.) The granting of a remittitur is appropriate only when the damages awarded are beyond the " 'flexible range of what is reasonably supported by the facts.' " (*Brandel v. Yellow Cab Co.* (1981), 98 Ill. App. 3d 88, 100, 423 N.E.2d 1237, *appeal denied* (1981), 85 Ill. 2d 563.) We have examined the record and find that the damages awarded do not violate that standard.

■ Plaintiff requested damages for past pain and suffering, future pain and suffering, disability and disfigurement. Defendant concedes past pain and suffering and disfigurement, but contends that future pain and suffering and disability are not established by the evidence. Plaintiff testified that he still has intermittent pain and numbness in his right foot, which has limited motion. Defendant argues that because plaintiff's job requires him to walk up to 10 miles a day on railroad ties and gravel, he has suffered no disability. Plaintiff's physical condition and the damages suffered were for the jury. We cannot say that verdict was so unreasonable that a remittitur should be ordered.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, P.J., and WHITE, J., concur.