(No. 60182.—
(No. 60644.—

DONALD JOHN PREWEIN, Appellee, v. CATERPILLAR TRACTOR COMPANY, Appellant.—GARY SCHMIDT, Appellant, v. FIRST BANK BUILDERS *et al.*, Appellees.

*Opinion filed July 17, 1985.—Rehearing denied September 27, 1985.*

Cassidy & Mueller and Prusak & Winne, of Peoria (David B. Mueller, Timothy J. Cassidy and Maximilian M. Prusak, of counsel), for appellant.

David Uhler, of Belleville, and Edward J. Kionka, of Kionka & Associates, of Murphysboro, for appellee.

Craig & Craig, of Mattoon (Richard F. Record, Jr., of counsel), for *amicus curiae* Illinois Defense Counsel.

Asher, Pavalon, Gittler & Greenfield, Ltd., and Anesi, Ozmon, Lewin & Associates, Ltd., all of Chicago (Lester Asher, Nat P. Ozmon, Eugene I. Pavalon, Richard A. Kimnach and William A. Geiser, of counsel), for *amici curiae* Illinois State Federation of Labor *et al.*

Leonard M. Ring & Associates and William J. Harte, Ltd., of Chicago (Leonard M. Ring and William J. Harte, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

O'Malley & O'Malley, Ltd., of Chicago (John A. O'Malley and Paul R. O'Malley, of counsel), for appellant.

Slovacek & Slovacek, P.C., of Crystal Lake (Elmer F. Slovacek, of counsel), for appellees.

Craig & Craig, of Mattoon (Richard F. Record, Jr., of counsel), for *amicus curiae* Illinois Defense Counsel.

Asher, Pavalon, Gittler & Greenfield, Ltd., and Anesi,

Ozmon, Lewin & Associates, Ltd., all of Chicago (Lester Asher, Nat P. Ozmon, Eugene I. Pavalon, Richard A. Kimnach and William A. Geiser, of counsel), for *amici curiae* Illinois State Federation of Labor *et al.*

Leonard M. Ring & Associates and William J. Harte, Ltd., of Chicago (Leonard M. Ring and William J. Harte, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE WARD delivered the opinion of the court:

Cause Nos. 60182 and 60644 have been consolidated for appeal. In cause No. 60182, Donald Prewein filed a complaint on November 3, 1981, in the circuit court of Peoria County against the Caterpillar Tractor Company. Prewein alleged that, while employed as an ironworker by Caterpillar, he was injured on December 5, 1979, when a hydraulic lift he was using for a support toppled. He alleged that his injuries were a direct result of numerous violations of the Structural Work Act (the Act) (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69) by Caterpillar. The employer denied the allegations and raised the affirmative defense that Prewein was negligent and that various acts and omissions on his part were a proximate cause of the injuries sustained. Caterpillar further contended that if judgment were to be entered for the plaintiff, any award of damages should be reduced in proportion to the extent that Prewein's negligence caused his injuries.

The court allowed Prewein's motion to strike the affirmative defense on the ground that a plaintiff's negligence was not a defense to a claim brought under the Structural Work Act. Under Rule 308 (87 Ill. 2d R. 308) the court certified, for interlocutory appeal, the question whether comparative negligence is applicable in actions brought under the Act. A majority of the appellate court

in the third district affirmed the circuit court's judgment. (123 Ill. App. 3d 687.) We allowed Caterpillar's petition for leave to appeal under Rule 315 (87 Ill. 2d R. 315).

In cause No. 60644, Gary Schmidt brought an action in the circuit court of Du Page County, against First Bank Builders and Lloyd Ochsenschlager. Schmidt's complaint alleged that on April 17, 1980, while employed as a construction worker, he fell and was injured when the concrete slab on which he was standing collapsed. The complaint set out that the defendants, while in control or in charge of the work, violated several provisions of the Structural Work Act and that the plaintiff's injuries were sustained as a result of those violations.

The defendants denied the allegations and filed an additional defense, claiming that Schmidt's own negligence contributed to the accident and the injuries, and that any damages he might be awarded should be reduced by the degree that he was at fault. The circuit court, on May 14, 1984, denied Schmidt's motion to strike the additional defense on the ground that comparative fault is applicable in actions under the Act. Under Rule 308 (87 Ill. 2d R. 308), the court stayed its order and certified the question for interlocutory appeal, whether comparative fault applies to claims made under the Act. On June 7, 1984, the appellate court in the second district denied Schmidt's petition for leave to appeal under Rule 308(a) (87 Ill. 2d R. 308(a)). Subsequently we allowed Schmidt's petition for leave to appeal under Rule 315 (87 Ill. 2d R. 315).

*Amicus curiae* briefs supporting the position of Prewein and Schmidt were filed by the Illinois State Federation of Labor and Congress of Industrial Organizations, the Chicago and Cook County Building and Construction Trades Council, the Ironworkers District Council of Greater Chicago, the Tri-City Building Trades Council

and by the Illinois Trial Lawyers Association. The Illinois Defense Counsel filed an *amicus curiae* brief supporting Caterpillar and First Bank Builders.

The petitions for leave to appeal in both causes were allowed prior to our decision in *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444. In *Simmons*, we considered the question before us here, whether comparative fault is applicable to claims brought under the Structural Work Act. (104 Ill. 2d 444, 449.) In holding in *Simmons* that comparative negligence does not apply to the conduct of a plaintiff bringing an action under the Act, we stated:

> "The Act, first passed as an exception to the common law, can only continue to remedy the evil envisioned by the legislature by excluding any consideration of the plaintiff's alleged fault. Otherwise, the Act would be indistinguishable from a common law construction negligence action. Comparative negligence must be disregarded so as to conform with the legislature's intent which was to afford complete protection for construction workers." (104 Ill. 2d 444, 461.)

Citing *Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 569, we explained:

> " '[T]he act was intended to remove fault of the employee as a defense and place full responsibility on the "person in charge" who knowingly violated the act.' [Citation.] Applying comparative negligence would be inconsistent with the legislature's intent, which was to provide full compensation for their injuries for workmen covered by the Act." (104 Ill. 2d 444, 459-60.)

We summed up:

> "Because the Act continues to present an exception to the presently prevailing common law principle that an injured person seeking recovery should be penalized to the extent of his own negligence, we hold that comparative negligence does not apply to the conduct of a workman who is eligible to rely upon the Act. Instead, the sole in-

146

quiry under the Act is an assessment of the defendant's culpability and not the plaintiff's conduct." 104 Ill. 2d 444, 459.

Caterpillar and First Bank Builders do not attempt to distinguish *Simmons* or offer persuading legal grounds to overrule it. In oral argument they concede that the holding in *Simmons* must be avoided for them to prevail. We consider that *Simmons* was correctly decided.

For the reasons given, the judgment of the appellate court in cause No. 60182 is affirmed; the judgment of the circuit court of Du Page County in cause No. 60644 is reversed and the cause remanded to the circuit court for proceedings consistent with this opinion.

*60182 — Judgment affirmed.*
*60644 — Reversed and remanded.*