PETER GIARDINO, Plaintiff, v. FREDERICK FIERKE, Defendant-Appellee (Mavis Giardino, Plaintiff-Appellant; Automobile Insurance Company of Hartford, Connecticut, Garnishee-Appellee).

Second District   Nos. 2—86—1038, 2—86—1175 cons.

Opinion filed September 21, 1987.

Charles M. Zimmerman and Marmarie J. Kostelny, both of Zimmerman & Smith, of Elgin, for appellant.

Katherine S. Dedrick, Thomas M. Hamilton, and D. Kendall Griffith, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Automobile Insurance Company of Hartford, Connecticut.

Therese S. Seeley and John L. Schroeder, both of Schroeder & Seeley, Ltd., of Geneva, for appellee Frederick Fierke.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Mavis Giardino, appeals from the order of the circuit court of Kane County in appeal No. 2—86—1038 denying her motion for a new trial on the issue of damages on her claim for personal injuries against defendant, Frederick Fierke. She also appeals the subsequent decision of the circuit court denying her nonwage garnishment against defendant's insurer, Automobile Insurance Company of Hartford, Connecticut, in appeal No. 2—86—1175. The appeals were consolidated.

Plaintiff raises the following issues on appeal: (1) whether the trial court erred in denying plaintiff's motion for a new trial on the issue of damages for her personal injuries; and (2) whether the trial court erred in granting judgment in favor of the nonwage garnishee, the

Automobile Insurance Company of Hartford, Connecticut.

The facts concerning the proceedings are generally not in dispute. Plaintiff and her husband, Peter Giardino, filed a two-count amended complaint seeking damages for injuries sustained after both were struck as pedestrians by an automobile driven by defendant, Frederick Fierke. Plaintiff also sought damages for loss of consortium. Following a jury trial, a verdict was returned in favor of plaintiff and her husband. Damages were assessed in the amounts of $535,500 for Peter Giardino and $4,200 for plaintiff's personal injuries, and $12,500 for her loss of consortium. Plaintiff filed a motion requesting a new trial on the issue of her damages for personal injuries which was denied. Defendant's insurer, Automobile Insurance Company of Hartford, Connecticut (Aetna), tendered $100,000 to plaintiff's husband for his injuries and $4,200 to plaintiff for her injuries under the limits of liability provision of its policy allowing for $100,000 per person and $300,000 per occurrence.

Plaintiff filed a nonwage garnishment against Aetna seeking to collect for the unpaid judgment of $12,500 awarded her for loss of consortium. Aetna appeared and answered that it had tendered the entire policy limit available and that pursuant to *Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 202 N.E.2d 73, it was not liable for the additional $12,500 judgment for loss of consortium. The trial court later found that Aetna had tendered its policy limits and denied recovery for plaintiff.

Plaintiff first contends that the trial court erred in denying her motion for a new trial on the issue of damages for her personal injuries, as the jury improperly and erroneously assessed the damages at $4,200. She argues that the evidence established that she incurred medical expenses, loss of wages, experienced pain and suffering, and sustained permanent injuries, all of which were proximately caused by defendant's negligence in operating his motor vehicle. She asserts that her specific out-of-pocket medical expenses as shown by her exhibits admitted into evidence are as follows:

| | |
|---|---:|
| City of Elgin—ambulance | $ 50.00 |
| St. Joseph Hospital | 3,526.47 |
| Dr. Winters | 243.00 |
| St. Joseph Hospital | 36.70 |
| Dr. Hemmer | 234.00 |
| Elgin Radiologists | 43.00 |
| Elgin Radiologists | 175.00 |
| TOTAL | $4,308.17 |

Defendant did not dispute these expenses below or in his appellate brief.

Plaintiff also offered testimony of several physicians to support her claims for pain and suffering and permanent injuries. Her physician testified to the extent and duration of her pain and suffering and that in his opinion the pain and suffering resulted from the accident. Plaintiff's chiropractor also testified to treating plaintiff on numerous occasions for back pain subsequent to the accident.

Additionally, a specialist testified to the nature and extent of plaintiff's hearing loss and postural vertigo (dizziness). He stated that although plaintiff's hearing loss was mild, it is permanent. He also testified that in his opinion there was very little chance that her postural vertigo would improve.

Defendant offered no expert witnesses of his own to contradict plaintiff's witnesses. Further, although defendant did cross-examine plaintiff's witnesses, he did not challenge testimony related to pain and suffering or achieve any equivocation as to the testimony regarding the permanency of plaintiff's hearing loss or dizziness.

Finally, plaintiff offered two office ledgers that she claimed demonstrated her loss of wages. Defense counsel, during cross-examination, introduced other office ledgers from the same time period indicating that the plaintiff had in fact not suffered lost wages. No other testimony or evidence was introduced by either party as to the lost wages claim.

Plaintiff contends that the jury award of $4,200 was inadequate and she should therefore receive a new trial on damages only. Defendant responds that this case is replete with conflicting evidence regarding plaintiff's injuries, lost wages and pain and suffering and that the jury verdict is supported by the evidence.

■ The amount of a verdict is generally within the discretion of the jury, and a reviewing court will not order a new trial on damages unless the damages awarded are manifestly inadequate or if it is clear that proved elements of damages have been ignored or if the amount of the award bears no reasonable relationship to the loss suffered by the plaintiff. (*Hollis v. R. Latoria Construction, Inc.* (1985), 108 Ill. 2d 401, 407, 485 N.E.2d 4.) Additionally, even if the damage award meets one of the above criteria, a new trial on damages only, rather than on all issues, will be granted if the jury's verdict on the question of liability is amply supported by the evidence, if the questions of damages and liability are so separate and distinct that a trial limited to damages is not unfair to the defendant, and if the record suggests neither that the jury reached a compromise verdict, nor that, in some

other identifiable manner, the error which resulted in the inadequate damages also affected the verdict as to liability. 108 Ill. 2d 401, 408, 485 N.E.2d 4.

■ We find the jury award of $4,200 to be inadequate. Plaintiff offered uncontroverted evidence of her medical expenses of $4,308.17. It is further undisputed that she spent nine days in the hospital for treatment of her injuries immediately following the accident and endured pain and suffering during that time. Although defendant contends there is conflicting evidence and plaintiff's witnesses' credibility is in doubt, the record does not support this contention. Defendant did not cross-examine plaintiff regarding her hospital stay or her pain and suffering during that period. Defendant offered no expert witnesses to contradict plaintiff's physicians and at most performed a cursory cross-examination of plaintiff's experts.

In light of plaintiff's proved medical expenses, pain and suffering, and disabilities, the jury could not have considered all these damage elements in arriving at its $4,200 award. Under these circumstances, the jury award is manifestly inadequate and ignores proved elements of damages.

■ We also find that a new trial on damages only is appropriate in this case. First, the jury's liability verdict was clearly supported by the evidence. Second, there is no doubt that the questions of liability and damages are separate and distinct such that a trial limited to damages would not be unfair. Finally, there is nothing in the record to suggest that the $4,200 award was the result of a compromise verdict by the jury. See *Hollis v. R. Latoria Construction, Inc.* (1985), 108 Ill. 2d 401, 408-10, 485 N.E.2d 4.

■ Although defendant contends that a special interrogatory submitted to the jury as to the proximate cause of the accident could have resulted in a compromise verdict, we disagree. The special interrogatory asked the jury whether a mechanical defect in the defendant's vehicle was the sole proximate cause of the accident. The jury responded "no" to the interrogatory. We find that the jury's answer to the interrogatory is consistent with its liability verdict (see *First National Bank v. Szwankowski* (1969), 109 Ill. App. 2d 268, 273-75, 248 N.E.2d 517) and are unable to say, without undue speculation, that the jury in any way compromised its verdict. We therefore reverse and remand to the circuit court for a new trial limited to damages only.

■ Plaintiff next contends that the trial court erred in granting judgment in favor of Aetna on her nonwage garnishment action, arguing that as her loss of consortium is an injury separate from her hus-

band's claim for bodily injuries within the meaning of the insurance policy, the trial court's finding that the damages for loss of consortium can only be paid pursuant to the limits for bodily injury liability for the injured spouse is erroneous.

Aetna responds that in Illinois, a separate liability limit is not available to a plaintiff successful in a loss of consortium action, arguing that *Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 202 N.E.2d 73, is dispositive of this issue. It asserts that the loss of consortium is an injury to a personal relationship, not a bodily injury, and that the bodily injury limits available to the deprived spouse are only those limits available to the injured spouse, as the loss of consortium is based on the bodily injuries of the injured spouse.

Plaintiff replies that the loss of consortium injury sustained is a separate claim for bodily injury within the meaning of the insurance policy and not subject to the policy limits applicable to the injured spouse.

When one spouse is injured (injured spouse) by the negligence of another, the other spouse (deprived spouse) has the right to recover from the negligent party for the loss of the deprived spouse suffered as a result of the injury to the injured spouse. (*Dini v. Naiditch* (1960), 20 Ill. 2d 406, 430, 170 N.E.2d 881; *Pease v. Ace Hardware Home Center* (1986), 147 Ill. App. 3d 546, 555, 498 N.E.2d 343.) Loss of consortium encompasses two basic elements of the marital relationship: loss of support and loss of society, which includes companionship and sexual intercourse. (*Brown v. Metzger* (1984), 104 Ill. 2d 30, 34, 470 N.E.2d 302.) A claim for consortium is a separate cause of action, is based upon the injured spouse's claim for his own injury, and is grounded in a "transferred negligence" theory whereby a defendant's duty to act with reasonable care toward the injured spouse is "transferred" to the deprived spouse. (*Brown v. Metzger* (1983), 118 Ill. App. 3d 855, 858, 455 N.E.2d 834, *aff'd on other grounds* (1984), 104 Ill. 2d 30, 470 N.E.2d 302.) Because the loss of consortium action derives from the injured spouse's action for his injury, the action is dependent upon the establishment of the defendant's liability for the impaired spouse's injury. 118 Ill. App. 3d 855, 858, 455 N.E.2d 834.

■ While there is no dispute that plaintiff was entitled to bring her action for loss of consortium under the law in Illinois and was not dependent on the claim of her husband, whether plaintiff is entitled to recover a judgment from the proceeds of defendant's insurer is determined by the language of the policy. The policy provides, in pertinent part:

"LIABILITY COVERAGE

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.

\* \* \*

LIMIT OF LIABILITY

A. If separate limits of liability for bodily injury and property damage liability are shown in the Declarations for this coverage:

1. The limit of liability for 'each person' for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident.

2. Subject to the above limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for bodily injury liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.

\* \* \*

DEFINITION

B. 'Bodily Injury' means bodily injury to any person and includes sickness, disease, death or loss of services which result from it."

Following an extensive analysis of the development of loss of consortium, plaintiff contends that a loss of consortium claim is a claim for a bodily injury within the meaning of bodily injury as contained in the written policy. Aetna responds that a separate liability limit is not available for a loss of consortium claim, arguing that the language of the policy did not include it under its definition of bodily injury.

At issue here is whether the loss of consortium suffered by plaintiff constituted a bodily injury to plaintiff within the meaning of the policy coverage. This depends on the language of the policy, as parties are bound to the agreement they made (see *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495, 475 N.E.2d 872), and as the construction of an insurance policy presents only a question of law, we can resolve this issue independent of the trial court's judgment. See *Putzbach v. Allstate Insurance Co.* (1986), 143 Ill. App. 3d 1077, 1081, 494 N.E.2d 192; *Uhwat v. Country Mutual Insurance Co.* (1984), 125 Ill. App. 3d 295, 302, 465 N.E.2d 964.

Aetna correctly points out that *Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 202 N.E.2d 73, is the only Illinois authority relevant to this issue. *Gass*, however, is not controlling under the insurance policy

at issue in this case. In *Gass*, the plaintiff sought a garnishment from the insurer based on a claim for loss of services and consortium. (52 Ill. App. 2d 394, 402, 202 N.E.2d 73.) The *Gass* court was confronted with the interpretation of policy language different from that at issue here. Specifically, in *Gass* the argument focused on the interpretation of "one person" within the language of the policy's limitation clause. (52 Ill. App. 2d 394, 402, 202 N.E.2d 73.) In the present case the parties contest the meaning of "bodily injury," a definition of which is contained within the policy's limitation clause. The policy in the *Gass* case does not contain a definition of "bodily injury" similar to that in the instant case, and, accordingly, *Gass* is not controlling in the case before us. Although Aetna asserts that bodily injury was described in the policy in *Gass* as including loss of services arising out of bodily injury, our reading of *Gass* does not disclose any definition of "bodily injury" in the insurance policy at issue there and only refers to loss of services in the limits of liability section of the policy.

Aetna also cites a number of out-of-State cases as supportive of its position. An examination of the cases cited by Aetna indicates, however, that none of the courts were confronted with the interpretation of policy language similar to that in the present case.

There is, however, one out-of-State case that directly supports plaintiff's position in this case. In *Allstate Insurance Co. v. Handegard* (1984), 70 Or. App. 262, 688 P.2d 1387, the Oregon Court of Appeals decided the issue now before this court. The plaintiff in *Handegard*, in contending that his loss of consortium claim was not barred by the individual injury limitations of his policy, relied on specific policy language that defined bodily injury as including loss of services and consortium. (70 Or. App. 262, 266, 688 P.2d 1387, 1389.) The court held that although the plaintiff's claim for loss of consortium arose out of his wife's physical injury, the plaintiff was entitled to recover as a separately injured person because loss of consortium was within the specific definition of bodily injury in the policy. 70 Or. App. 262, 266, 688 P.2d 1387, 1389.

Here, the language of the policy clearly places "loss of services" within the definition of bodily injury. Plaintiff's loss of consortium is, therefore, a separate bodily injury within the meaning of the policy and subject to the occurrence limitation rather than the individual limitation applicable to her husband's injuries.

Therefore, the decision of the trial court finding that plaintiff could not recover on her nonwage garnishment action is reversed.

For the foregoing reasons, the decision of the circuit court of Kane County denying plaintiff's motion for a new trial on the issue of

damages for her personal injuries is reversed, and the cause is remanded for a new trial on damages only. The subsequent judgment of the circuit court denying plaintiff's recovery for nonwage garnishment under Aetna's policy is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LINDBERG, P.J., and UNVERZAGT, J., concur.