LYNN FALETI *et al.*, Plaintiffs-Appellants, v. DANIEL TRACY, Defendant-Appellee.

First District (2nd Division)   No. 1—91—0390

Opinion filed August 11, 1992.

Law Office of Zaborsky & Aleksy, of Chicago (Richard E. Aleksy and Bruce M. Wamboldt, of counsel), for appellants.

Orner & Wasserman, of Chicago (Norton Wasserman and Mary A. Mazurk, of counsel), for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiffs sued to recover damages for injuries they sustained in an automobile accident. The court entered a directed verdict against defendant on the issue of liability. The jury rendered a damage award to each plaintiff in an amount less than their special damages. Plaintiffs filed a motion for a new trial on the issue of damages. The trial court denied the motion. This appeal followed. Plaintiffs represent that the jury's verdicts of less than the proven special damages should result in a new trial. We find that the trial court improperly denied plaintiffs' motion for a new trial in that the jury's verdicts were less than the proven and undisputed damages of plaintiffs.

On December 15, 1984, plaintiffs Cheryl Thomas and Evelyn Jones were passengers in an automobile driven by plaintiff Lynn Faleti. The automobile was struck by a truck operated by defendant Daniel Tracy.

Dr. Haresh Muni testified that he treated all of the plaintiffs after the accident. He did not treat them prior to the accident and had not treated them since they were released from the hospital. Dr. Muni also testified to the nature and extent of Faleti's and Thomas' injuries. He stated that plaintiffs' tests and physical therapy could have been performed on an outpatient basis.

Dr. Jarosian Slusarenko, a chiropractor, testified that he treated all three plaintiffs and that he had not seen them since 1985.

Dr. David Wiechers testified as a medical expert for defendant. He stated that the hospitalization of plaintiffs was unnecessary because the treatment they received in the hospital could have been provided on an outpatient basis.

At trial, Faleti testified that she was treated in the emergency room at Resurrection Hospital and followed up with a visit to Dr. Slusarenko. He referred her to Dr. Muni, who admitted her to Thorek Hospital on December 18, 1984. Faleti testified that she was given various tests and therapy and that she was also treated by Dr. Jagan Mohan. Dr. Muni discharged Faleti on December 22, 1984, and advised her to continue therapy. Faleti also testified that she worked for the United States Postal Service. She missed two weeks of work due to her injuries and lost $1,200 in wages.

Faleti presented evidence supporting the following costs at trial:

| | |
|---|---|
| (1) Emergency room—Resurrection Hospital | $   57.00 |
| (2) Inpatient—Thorek Hospital | $2,842.22 |
| (3) Dr. Muni—Treatment | $   250.00 |
| (4) Dr. Mohan—Neurologist | $   75.00 |
| (5) Neurological testing | $   405.00 |
| (6) Dr. Slusarenko—Chiropractor | $   775.00 |
| Total Medical Damages | $4,404.22 |
| (7) Lost Wages | $1,242.00 |

The jury returned a verdict in favor of Lynn Faleti as follows:

| | |
|---|---|
| (1) Pain and suffering: | $   300.00 |
| (2) Medical: | $1,032.75 |
| (3) Lost wages: | $   900.00 |
| Total: | $2,232.75 |

Evelyn Jones testified that she was taken to Resurrection Hospital for emergency treatment. Dr. Slusarenko provided follow-up care. Jones was admitted into Thorek Hospital and given tests. Dr. Slusarenko continued to treat Jones after her discharge.

Jones moved into evidence the following medical bills:

| | |
|---|---|
| (1) Emergency room—Resurrection Hospital | $   171.75 |
| (2) Inpatient—Thorek Hospital | $4,171.22 |
| (3) Dr. Mohan | $   447.56 |
| (4) Dr. Slusarenko | $1,090.00 |
| Total Medical Damages | $5,880.53 |

The jury returned a verdict in favor of Evelyn Jones as follows:

| | |
|---|---|
| (1) Pain and suffering: | $   550.00 |
| (2) Medical: | $1,415.00 |
| Total: | $1,965.00 |

Cheryl Thomas testified that she was taken to Resurrection Hospital for emergency treatment. A couple of days later, she consulted with Dr. Slusarenko, who advised her to go to the hospital for medical treatment. Thomas also testified that she was admitted into Forkosh Hospital, where X rays were taken. She was provided therapy and given medicine for pain. She remained in the hospital for four days. After Thomas' discharge, Dr. Slusarenko treated her for three weeks. Thomas testified that she worked at the Bedford

Park Post Office. She missed three weeks of work and lost wages totaling $1,436.10. Dr. Slusarenko released Thomas to return to work on January 7, 1985. Her doctor advised her to take a couple of days off work in March.

Thomas moved into evidence the following medical bills:

| | |
|---|---|
| (1) Emergency—Resurrection Hospital | $ 158.00 |
| (2) Diagnostic Radiology | $ 23.00 |
| (3) Dr. Muni | $ 310.00 |
| (4) Dr. Slusarenko | $ 975.00 |
| (5) Forkosh Hospital | $1,483.20 |
| (6) Lakeview Radiology | $ 67.50 |
| Total Medical Damages | $3,016.70 |

The jury returned a verdict in favor of Cheryl Thomas as follows:

| | |
|---|---|
| (1) Pain and suffering: | $ 300.00 |
| (2) Medical: | $1,116.00 |
| (3) Lost wages: | $ 609.00 |
| Total: | $2,125.00 |

On appeal, plaintiffs contend that the trial court erred in denying their motion for a new trial on the issue of damages. Plaintiffs claim that a new trial should have been granted, arguing that the award was inadequate because it was less than the amount proved by uncontradicted testimony, citing to *Blevins v. Inland Steel Co.* (1989), 180 Ill. App. 3d 286, 535 N.E.2d 992, and *Giardino v. Fierke* (1987), 160 Ill. App. 3d 648, 513 N.E.2d 1168. In *Giardino*, plaintiff offered undisputed evidence of her medical expenses, but the jury returned an award for an amount less than the amount proven. The court held that the jury award was manifestly inadequate and ignored proven elements of damages. (*Giardino*, 160 Ill. App. 3d at 652.) In *Blevins*, plaintiff's medical expenses were not disputed, but the jury awarded him less than the amount he claimed as lost wages. The court granted him a new trial because the award of damages did not comport with the largely uncontroverted evidence.

Faleti presented evidence that her medical expenses, apart from inpatient hospitalization, were $1,562 and her lost wages were $1,242. The jury awarded her $1,032.75 for medical costs and $900 for lost wages. Jones presented evidence that her medical costs, apart from hospitalization, were $1,709.31, and she was awarded

$1,415. Thomas presented evidence that her medical costs were $1,433.50 and her lost wages were $1,436.10. The jury awarded her $1,116 for medical costs and $609 for lost wages.

■ The trial court erred in denying plaintiffs' motion because "in *** cases where the damages awarded are less than the undisputed out-of-pocket expenses *** a new trial should be granted." *Williams v. McCallister* (1978), 60 Ill. App. 3d 635, 638, 376 N.E.2d 1092.

> " 'A new trial on the question of damages only is appropriately granted "where (1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability." ' " *Hollis v. R. Latoria Construction, Inc.* (1985), 108 Ill. 2d 401, 408, 484 N.E.2d 1073, quoting *Balestri v. Terminal Freight Cooperative Association* (1979), 76 Ill. 2d 451, 456, 394 N.E.2d 391.

■ Defendant argues that there is no basis for overturning the jury's verdicts because there was some conflict as to the legitimacy of medical expenses and because the jury considered each element needed to prove damages. Defendant cites to *Haleem v. Onate* (1966), 71 Ill. App. 2d 457, 219 N.E.2d 94, where the court stated:

> "[T]he amount of damages awarded by the jury will not be disturbed unless it is palpably inadequate or unless it is clear that the jury disregarded a proven element of damages. ***
>
> To determine whether an award is grossly unfair or the result of a clear oversight by the jury requires a review of all of the testimony surrounding the claimed items of damage. ***
>
> *** [I]f there appears to be evidence suggesting a genuine conflict as to the legitimacy of the expenses incurred, then the verdict of the jury should not be disturbed on review." *Haleem*, 71 Ill. App. 2d at 460-61.

The instant case is distinguishable from *Haleem*. In *Haleem* plaintiffs' testimony was contradicted by medical records, their doctor's testimony and other evidence. One plaintiff claimed that he remained bedridden three days after his discharge from the hospital, but his medical records showed that he had worked the three days after his release. That same plaintiff claimed that he was not able to work overtime for a

year after his accident because of his injuries, but there was evidence that he worked overtime during the two weeks right after his accident. The record contradicted his lost earnings claim. Another plaintiff testified that he remained in the hospital for one week, but his doctor testified that plaintiff left on the fourth day after the accident.

In the instant case, defendant argues that his medical expert's testimony puts into controversy the treatment plaintiffs received from Dr. Muni while they were hospitalized. However, defendant's expert did not state that plaintiffs did not need the treatment they received in the hospital. Instead, defendant's expert testified that plaintiffs did not need to be hospitalized because the treatment they received could have been provided on an outpatient basis. If the jury accepted this testimony, the burden would be on plaintiffs to prove and separate those necessary medical expenses incurred in the hospital. If plaintiffs failed to make this distinction, the jury could ignore the total inpatient hospital charges. Notwithstanding this latitude, the jury's verdicts cannot be reconciled with the evidence. The awards are less than uncontradicted medical expenses apart from hospitalization expenses that plaintiffs incurred. Furthermore, defendant presented no evidence to dispute plaintiffs' lost wages and no evidence to suggest that plaintiffs could have returned to work prior to the time that their doctor released them to do so.

Defendant also relies on *Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 432 N.E.2d 1267, in support of his position. In *Nicholl*, the court reversed the trial court's order which granted plaintiff a new trial on the issue of damages. In contrast to the instant case, there was substantial evidence indicating that the medical treatment plaintiff received in *Nicholl* was unwarranted or prolonged. The plaintiff's testimony regarding the number of treatments she had received was contradicted by her doctor, and her claim of lost wages after the accident was not supported by her tax returns.

In the case at bar, plaintiffs presented uncontradicted evidence concerning some of their damages. The jury disregarded those proven elements when they awarded plaintiffs less than the undisputed damages.

For the foregoing reasons, the judgment of the circuit court is reversed and remanded for a new trial on the issue of damages.

Reversed and remanded with directions.

HARTMAN, P.J., and SCARIANO, J., concur.